# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CRIMINAL ACTION NO. 5:01-CR-00012-KDB

| | |
|---|---|
| **UNITED STATES OF AMERICA,** <br><br> v. <br><br> **RICHARD LYNN WILLIAMS,** <br><br> **Defendant.** | **ORDER** |

**THIS MATTER** is before the Court on Richard Lynn Williams' second motion for compassionate release and home confinement under 18 U.S.C. § 3582(c)(1), the First Step Act of 2018, and the Coronavirus Aid, Relief, and Economic Security (CARES) Act of 2020. (Doc. No. 61). The Government opposes the motion. Because Defendant has not met his burden to establish that a sentencing reduction is warranted under 18 U.S.C. § 3582(c), the Court will deny his motion.

## I. BACKGROUND

In May 2001, Defendant was indicted on one count of conspiracy to manufacture methamphetamine, one count of possession with intent to distribute methamphetamine, and one count of using and carrying a firearm during and in relation to a drug trafficking crime. (Doc. No. 1). On March 5, 2002, Defendant pled guilty to all counts. He was sentenced to 240 months to run concurrently on counts one and two and to 60 months to run consecutively on count three for a total of 300 months plus ten years of supervised release and restitution of $ 7,841.50. (Doc. No. 29).

Defendant is a 58-year-old male confined at FCI Butner Medium I, a medium-security federal corrections institution in North Carolina, with a projected release date of April 9, 2024. Defendant

seeks a reduction in his sentence under the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A). He claims he suffers from high cholesterol, elevated blood sugar, a back injury, and undiagnosed lung related issues. (Doc. Nos. 58, 61, at 1). Defendant attaches minimal medical records to his motion.

As stated above, Defendant has previously moved for compassionate release under 18 U.S.C. § 3582(c)(1)(A), asking the Court for a reduction in his sentence. This Court denied the previous motion without prejudice. (Doc. No. 60). Defendant bases his current motion again on the threat posed by the COVID-19 pandemic and states that he suffers from high cholesterol, elevated blood sugar, a back injury, and undiagnosed lung related issues, which place him at a greater risk of contracting COVID-19. (Doc. No. 61, at 1). The Government responded to Defendant's current motion on March 10, 2021, opposing Defendant's request and asking the Court to deny his motion. (Doc. No. 64).

## II. LEGAL STANDARD

By statute, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). One of the exceptions to this general rule is a motion for compassionate release. The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, now provides in pertinent part:

> **(c) Modification of an imposed term of imprisonment.—**The Court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved

> portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>> (i) extraordinary and compelling reasons warrant such a reduction
>>
>> . . .
>>
>> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c).

While the statute references an applicable policy statement, there is as of now no applicable policy statement governing compassionate release motions filed by defendants. *United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020). As a result, district courts are empowered to consider any extraordinary and compelling reason for release that a defendant might raise. *Id*. Thus, to succeed on a motion for compassionate release under 18 U.S.C. § 3582(c), a defendant must first exhaust his administrative remedies as described by the statute. Once the defendant has exhausted his remedies, the court determines whether extraordinary and compelling reasons warrant a reduction and considers the relevant sentencing factors under § 3553(a) to determine if an individualized application of those factors support compassionate release. A defendant seeking compassionate release has the burden of establishing that such relief is warranted. *See, e.g., United States v. Ebbers,* 432 F. Supp. 3d 421, 426 (S.D.N.Y. 2020); *United States v. Heromin,* No. 8:11-cr-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019).

### III.   DISCUSSION

A. *Exhaustion of Administrative Remedies*

A prisoner may bring a motion for compassionate release before the court only if he "has fully exhausted all administrative rights to appeal a failure" of the BOP to bring a motion on his behalf or if 30 days have passed since the warden received his request, "whichever is earlier." 18 U.S.C.

§ 3582(c)(1)(A). Courts are split over whether the exhaustion requirement is jurisdictional or is a "case processing" rule that can be waived. *Compare United States v. Brown*, No. CR 12-20066-37-KHV, 2020 WL 1935053, at *1 (D. Kan. Apr. 22, 2020) ("The requirement to exhaust administrative remedies or wait 30 days after the warden receives a request is jurisdictional.") *with United States v. Alam*, -- F.3d --, No. 20-1298, 2020 WL 2845694, at *2 (6th Cir. June 2, 2020) (holding the administrative exhaustion requirement is non-jurisdictional). The majority view is that the exhaustion requirement is a non-jurisdictional requirement that can be waived. *See, e.g.*, *United States v. Smith*, No. 12 Cr. 133 (JFK), 2020 WL 1849748, at *2-3 (S.D.N.Y. Apr. 13, 2020) (collecting cases).

If the rule is not jurisdictional, then it can be waived, forfeited, or abandoned, and is otherwise subject to exceptions. *See United States v. Zekerman*, 16 Cr. 194 (AT), 2020 WL 1659880, at *3 (S.D.N.Y. Apr. 3, 2020); *United States v. Russo*, No. 16-cr-441 (LJL), 2020 WL 1862294, at *5 (S.D.N.Y. Apr. 14, 2020). Such an exception may include where the exhaustion requirement would be futile. *See, e.g.*, *Zukerman*, 2020 WL 1659880, at *3 (S.D.N.Y. Apr. 3, 2020); *United States v. Colvin*, No. 3:19cr179 (JBA), 2020 WL 1613943, at *2 (D. Conn. Apr. 2, 2020) ("[I]n light of the urgency of Defendant's request, the likelihood that she cannot exhaust her administrative appeals during her remaining eleven days of imprisonment, and the potential for serious health consequences, the [c]ourt waives the exhaustion requirement of Section 3582(c)(1)(A).").

Defendant's previous motion for compassionate release was denied without prejudice to a renewed motion properly supported by evidence and after exhaustion of his administrative remedies. (Doc. No. 60). The Government does not argue that Defendant's motion should be denied for failure to exhaust his administrative remedies. Because the Government did not raise

the issue of exhaustion, the Court deems that it has waived the defense. Accordingly, the Court will proceed to address the merits of Defendant's motion.

   B. *Extraordinary and Compelling Reasons*

Defendant asserts that his vulnerability to COVID-19 is an extraordinary and compelling reason for an immediate reduction in his sentence. He does not contend that he would be eligible for compassionate release absent the pandemic. Defendant relies on his "high cholesterol, elevated blood sugar, a back injury and other undiagnosed health-related issues" to support his motion. (Doc. No. 61, at 1). These conditions have not been identified by the CDC as creating an increased risk of severe illness.[1] Moreover, Defendant's BOP medical records show that he is receiving careful treatment of all his diagnosed and undiagnosed conditions and that his conditions appear to be well-controlled. (Doc. No. 65, Exhibit 3) (Defendant's BOP medical records from April 2020 to January 2021).

Despite his fears relating to contracting COVID-19 while incarcerated, Defendant's medical records show that he tested negative in October and November 2020. *Id.* at 2, 4. Defendant also received the first dose of the COVID-19 Pfizer-BioNTech vaccine in his left arm on February 18, 2021. *Id.,* at 59, 85. Defendant will not face a particularized susceptibility to COVID-19 because he will soon be fully vaccinated.[2] His vaccination will reduce his risk of getting COVID-19 or suffering severe adverse effects. Being vaccinated against COVID-19 seriously undermines Defendant's assertion that "extraordinary and compelling reasons' warrant his release from prison. Accordingly, the Court finds that Defendant has not shown that "extraordinary and compelling reasons" support his release.

---

[1] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.
[2] The Government submits that BOP will administer Defendant's second dose of Pfizer-BioNTech vaccine approximately 21 days from February 18, 2021.

## IV. CARES ACT

As Defendant was informed in the Court's order denying his first motion for compassionate release, nothing in the CARES Act gives the Court a role in determining which candidates are eligible for home confinement under 18 U.S.C. § 3624(c)(2).

## V. ORDER

For these reasons, Defendant's motion for compassionate release under 18 U.S.C. § 3582(c)(1)," (Doc. No. 61), is **DENIED**.

**SO ORDERED.**

Signed: March 15, 2021

Kenneth D. Bell
United States District Judge