# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CRIMINAL ACTION NO. 5:01-CR-00012-KDB

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | **ORDER** |
| RICHARD LYNN WILLIAMS, | |
| Defendant. | |

    **THIS MATTER** is before the Court on Richard Lynn Williams' third motion for compassionate release under 18 U.S.C. § 3582(c)(1) and the First Step Act of 2018. (Doc. No. 68). The Government opposes the motion. (Doc. No. 69). The Court has considered Defendant's central argument that if he were sentenced today, he would not be exposed to the same statutory mandatory minimum sentence that he faced in 2002. The Court finds, under these particular circumstances, described more fully below, that Defendant has not met his burden to establish extraordinary and compelling reasons for a sentencing reduction under 18 U.S.C. § 3582(c). The Court will deny his motion.

  In May 2001, Defendant was indicted on one count of conspiracy to manufacture methamphetamine, one count of possession with intent to distribute methamphetamine, and one count of using and carrying a firearm during and in relation to a drug trafficking crime. (Doc. No. 1). On March 5, 2002, Defendant pled guilty to all counts. He was sentenced to 240 months to run concurrently for the drug-trafficking offenses and to 60 months to run consecutively on the section 924(c) firearm offense for a total of 300 months, plus ten years of supervised release and restitution of $ 7,841.50. (Doc. No. 29).

Defendant has previously moved for compassionate release under 18 U.S.C. § 3582(c)(1)(A), asking the Court for a reduction in his sentence. This Court denied the previous motions without prejudice. (Doc. Nos. 60, 67). Defendant bases his current motion on the argument that if he were sentenced today his prior North Carolina conviction would not qualify as a 'serious drug felony" and he would no longer be subject to the § 851 enhancement and the resultant mandatory minimum sentence of 240 months. (Doc. No. 68, at 2-3). The Government responded to Defendant's current motion on September 27, 2021, opposing Defendant's request and asking the Court to deny his motion. (Doc. No. 69). Defendant filed a *pro se* response. (Doc. No. 70).

Defendant cites to the Fourth Circuit's recent decision in *United States v. McCoy*, 981 F.3d 271 (4th Cir. 2020), for the proposition that the Court can consider these subsequent changes in the law as extraordinary and compelling reasons justifying release. While Defendant is correct the Court may, and has, considered these (and many other circumstances) extraordinary and compelling reasons under § 3582, the Court finds that there are no such reasons presented in this case.

Defendant is correct that his prior North Carolina conviction would not qualify as a "serious drug felony" today. However, the First Step Act's amendment to 21 U.S.C § 851 applies to "any offense that was committed before the date of this Act, if a sentence for the offense has not been imposed as of such date of enactment." Thus, the provision has not been made retroactive.

If Defendant were sentenced today, Amendment 782 would trigger a two-level decrease to his base offense to a level of 32. However, if today's guidelines manual was applied, the enhancement at USSG §2D1.1(b)(12) for maintaining a premises for the purpose of manufacturing or distributing a controlled substance would apply, resulting in a two-level increase to his base offense level. This enhancement has been added to USSG §2D1.1 since the original sentencing.

Additionally, the six-level enhancement at USSG §2D1.1(b)(14)(D) for the risk to a minor based on manufacturing in a home occupied by children is still applicable. The resulting total offense level, after acceptance of responsibility, would then be level 37 which is no change from the original presentence report prepared for Defendant's original sentencing. (Doc. No. 52, at 8-9). Under current sentencing guidelines, Defendant's advisory range would remain 235-293 months (Offense Level 37 Criminal History Category II). The Court finds that because Defendant's 240 month sentence is toward the low end the advisory range, and only 5 months above the low point of the advisory range, this case does not present extraordinary and compelling reasons for a sentence reduction.

Additionally, the Court finds that the sentencing considerations contained in 18 U.S.C. § 3553(a) do not support a sentence reduction. Defendant's offense conduct was serious, presenting a danger to the public by involving a firearm and large amounts of methamphetamine. Defendant's prior criminal history also included a federal drug-trafficking conviction. The nature and circumstances of Defendant's offense, the Defendant's history and characteristics,[1] the need for deterrence, the need to protect the public, and the need for just punishment also weigh against any sentence reduction for the Defendant. No unwarranted sentencing disparity results from this finding.

---

[1] Defendant's rehabilitative record while in prison is laudable but does not overshadow the other § 3553(a) factors.

## ORDER

For these reasons, Defendant's motion for compassionate release under 18 U.S.C. § 3582(c)(1), (Doc. No. 68), is **DENIED**.

**SO ORDERED.**

Signed: October 13, 2021

Kenneth D. Bell
United States District Judge